JOHN DOWD vs. INHABITANTS OF CHICOPEE.

Hampden.    September 21. — October 28, 1874.    MORTON & ENDICOTT, JJ., absent.

In an action under the Gen. Sts. c. 44, § 22, against a town for an injury resulting to a traveller, it appeared that the alleged defect in the highway consisted of two bolts, each five eighths of an inch in diameter, standing vertically an inch and a half or an inch and three quarters in height above an iron plate forming the cover to a sewer which they served to keep in place; that the plaintiff struck his foot against one of the bolts, fell and injured his knee against the other. The question whether the bolts were in the line of travel for foot passengers was in dispute. *Held,* that it was a question for the jury whether there was any defect in the highway for which the defendant was liable.

In an action by a boy fifteen years old against a town, to recover for injuries sustained from a defect in the highway, the plaintiff must show that he exercised that degree of care and attention which might fairly and reasonably be expected from boys of his age and capacity; and he is not bound to exercise the same care as is required of an adult.

TORT under the Gen. Sts. c. 44, § 22, for personal injuries sustained through an alleged defect in a highway which the defendant was bound to keep in repair.

At the trial before *Morton,* J., the jury found for the plaintiff and a bill of exceptions was allowed in substance as follows : It appeared in evidence that the plaintiff, a lad of fifteen years of age, on the evening of June 12, 1872, while it was dark, was travelling on foot along the highway in question, and, coming upon the alleged defect, fell and received the injury complained of. The highway, from one outside limit to the other, was fifty-five feet wide ; upon either side of it dwelling-houses were situated close together and close to the line of the highway, and the immediate vicinity was thickly settled.

The plaintiff also testified that the street in question was one of the greatest business streets in the town; that there was a large school-house fitted for some 250 scholars, within a few rods of this place; that school was kept therein during school hours, and the school children passed all over the street; that a Catholic church was being built near it; that there were no cross-walks, and people crossing from one side of the street to the other were accustomed to cross at all places over the street.

The alleged defect consisted of two bolts, each five eighths of an inch in diameter, standing vertically an inch and a half or an inch and three quarters in height above a perforated iron plate, which formed the cover to a sewer ; these bolts were used to hold the plate in place, and iron nuts half an inch thick were screwed on the bolts down upon the plate, the bolts extending an inch to an inch and a quarter above the nuts. The plate was two feet square, and the bolts were twenty inches apart. This plate was placed nine feet from the southerly limit of the highway. The highway extended along the side of a steep, sandy hill, down which the water often ran in great quantity over the highway ; to protect the highway from washing away at such times, and to guard the land below, the sewer was constructed.

The evidence as to the description and common use of the said highway was conflicting. Several witnesses testified that from one side to the other it was substantially flat; that there were no sidewalks or gutters ; that carriages as well as foot passengers travelled over the whole width of the way ; that people in the ordinary line of travel, in carriages or on foot, passed as well over said plate as over any other portion. Several other witnesses testified that an earth sidewalk, well defined, eight feet wide and six to eight inches high above the carriage way, extended along both sides of said way; that the carriage way between said sidewalks was thirty-nine feet wide; that the plate was in the bottom of the gutter six inches below the level of the sidewalk, and ten inches below the middle of the carriage way; that said gutter extended several rods in either direction from the plate, and that the lines of carriage and foot travel were entirely distinct.

There were no posts or trees along the line of said gutter. The plaintiff for several years before had resided a few rods from the place where he received the injury, was familiar with the place, knew where the sewer was, and had noticed the plate and bolts several times before. He testified that while walking along in company with another boy, not thinking anything about the sewer plate, he hit his foot against one bolt, and, falling forward, struck his knee upon the other bolt and was injured. There was evidence which the defendant contended tended to show that the plaintiff was engaged in play at the time of the accident, and that he was not in the exercise of due care as a traveller.

The defendant conceded that the plaintiff was of suitable age to be upon the street as he was; that there was no want of care upon the part of any one in permitting him to be out upon the street at the time he was; and that he was a boy of the ordinary capacity of boys of his age.

After the evidence was all in, the defendant asked the court to rule as follows : " 1. The drain cover, with the nuts and bolts used to fasten it down, placed in the highway at the point and in the manner described, was not a defect or want of repair for which the town was liable. 2. On all the evidence in the case the jury would not be warranted in finding that there was any defect in the highway, for which the town was liable. 3. The degree of care required of the plaintiff is such care as persons of common prudence exercise, and the same rules are to be applied to children as to adults, in regulating the use of the highway for the purpose for which it was designed."

The court declined to give these rulings; but instructed the jury that it was in this case for them to determine on all the evidence whether there was any defect, and if so, whether it was such a defect or want of repair as would render the way unsafe for travellers who were using it while in the exercise of due care ; that if the plaintiff was engaged in play at the time of the injury he could not recover ; that if he was using the street as a traveller, he must show that he was in the exercise of due care; and that due care was such care as is usually and ordinarily exercised by boys of his age and capacity, using the ordinary prudence of boys of that age. The defendant alleged exceptions.

*G. D. Robinson*, for the defendant.

*G. M. Stearns*, for the plaintiff.

AMES, J. In that class of cases cited by the defendant, in which the court has decided as a matter of law that the evidence failed to prove a defect in a way, the precise position and characteristics of the alleged impediment or obstruction were not matters of controversy. Thus in *Raymond* v. *Lowell*, 6 Cush. 524, it was held that a sewer grate, resting against 'the edge of the curbstone of a sidewalk and projecting an inch or two above it, was not a defect for which a person who chose to cross the street at that point, and in so doing tripped over the grate and fell, could recover damages. In *Macomber* v. *Taunton*, 100 Mass.

255, a post at the edge of the sidewalk, and not in the carriage path, was held not to be a defect, it appearing that the carriage path was of ample width and in good repair. In the present case it was an open question whether the sewer plate was in a proper place ; some of the witnesses testifying that it was in the gutter and close to the edge of the sidewalk, while others described the way as substantially flat, without sidewalk or gutter, and said that the ordinary line of foot travel was over the covering plate. It is impossible for the court upon this report to say that it was not so situated and of such a character that a traveller using due care might be exposed to injury by stepping against it. The court therefore rightly submitted the question to the jury, and refused the first and second requests of the defendant. *Ghenn* v. *Provincetown*, 105 Mass. 313. *Brooks* v. *Somerville*, 106 Mass. 271.

Upon the question of due care on the part of the plaintiff, the court was requested in substance to instruct the jury that the same rule is to be applied to children as to adults. This request was properly refused. The streets and highways are intended for the use of travellers generally, and boys of the age of this plaintiff have the same right to travel in them as persons of maturer years. It cannot be contended that a boy of fifteen, by reason of his youth, is an unfit person to be in the street without an attendant or guardian. "If it was proper for him to be there it was only necessary for him to exercise such capacity as he had." *Lynch* v. *Smith*, 104 Mass. 52. The rule which the defendant was entitled to insist upon as governing this branch of the case was that the plaintiff should be held bound to prove that he exercised that degree of care and attention which may fairly and reasonably be expected from boys of his age and capacity. *Elkins* v. *Boston & Albany Railroad*, 115 Mass. 190. This is substantially the instruction that was given, the only difference being that it refers to experience and ordinary practice as furnishing the test of what may properly be expected. As an answer to the specific point presented by the defendant's request, it was all that the case required.          *Exceptions overruled.*