### J. R. DAVIS v. CITY OF AUSTIN.

Decided January 17, 1900.

**City—Negligence—Obstruction of Sidewalk.**

See evidence held to show negligence in a city in permitting a dangerous obstruction, a large rock, upon its sidewalk, whereby plaintiff, falling over it, was injured, and to require the reversal of a verdict and judgment for defendant in a suit for damages thereby.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

The charge of the court upon the duty of the city was as follows: "It is not the duty of the city of Austin to, under all circumstances, keep its sidewalks free from every character of obstruction to the full extent of the sidewalks; but the question, whether in any case a sidewalk should be clear of obstruction for its entire length, depends upon the further question, whether, as a matter of fact, it is reasonably safe for pedestrians, notwithstanding a partial obstruction of some part thereof. If the jury believe, from the evidence, that it was essential, in order to render the sidewalk reasonably safe for pedestrians, that said rock on it should have been removed, then it was the duty of the city to use such care to discover and remove said obstruction as an ordinarily prudent person would have used under the same or similar circumstances to those existing in this case. But if the jury believe, from the evidence, that the sidewalk was reasonably safe for travel by pedestrians, notwithstanding said rock was on a part thereof, then the city would not be liable for damages for the falling of plaintiff over said rock."

*R. B. Minor* and *Ashby S. James*, for appellant.

*V. L. Brooks*, City Attorney, for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellant against the city of Austin, for damages sustained by reason of his falling over a large stone which the city negligently permitted to remain upon one of the sidewalks of the city. The case was submitted to a jury under in-

structions of the court, and a verdict was returned in favor of the city. It appears from the evidence that the appellant was walking along the sidewalk on East Sixth Street at night, and in attempting to pass people in front of him he went near the edge of the sidewalk, and in passing hit his foot against the stone described in the petition, and was violently thrown to the ground and sustained, according to the evidence, serious injuries.

The stone in question had remained upon the sidewalk, as shown by the evidence, from three to five years. The witnesses, in describing the stone, did not all agree as to its dimensions. One describes it as about fourteen inches high, and about eighteen inches wide, and eighteen inches long. Another describes it as about two or two and a half feet wide, two feet long, and about a foot high, and that it takes about two and a half or three feet of the stone sidewalk, which was about ten feet wide at the place where the accident occurred. The gentleman who had the stone placed on the sidewalk testified that it was about two feet wide, two and a half feet long, and one foot thick, and that it had remained in that position on the sidewalk about three years. Another witness testified that it remained on the sidewalk about five years.

It further appears that policemen frequently, previous to the accident, walked along the sidewalk where the stone was located.

It is impossible to account for the verdict of the jury, except that it was an arbitrary finding in the face of the undisputed evidence in the record. It can not be sustained on the ground that the city did not know of the existence of the stone, because the conclusion is irresistible, from the length of time that the stone had remained on the sidewalk, and the apparent ease with which it could have been seen, that the city authorities could, by the exercise of reasonable diligence, long prior to the accident, have discovered its existence. City of Palestine v. Hassell, 40 S. W. Rep., 148; City of Fort Worth v. Johnson, 84 Texas, 140; 52 N. E. Rep., 514, 498; 77 N. W. Rep., 870; 51 N. E. Rep., 1089.

The defense of contributory negligence is not supported by the evidence, because the testimony shows that the appellant did not know of the existence of the stone; and it is not shown that he was lacking in the exercise of ordinary caution at the time that he came in contact with it. He had the right to use all portions of the sidewalk, which he could expect were open to use by the public, and he had the right to assume that it was free from obstruction and in a reasonably safe condition. City of Fort Worth v. Johnson, 84 Texas, 139; 55 Pac. Rep., 677; 42 Am. Rep., 418.

The city is only responsible for the exercise of ordinary care and diligence in keeping its sidewalks and streets in a reasonably safe condition; but in this case it is clear from the facts that the city did not exercise this degree of care. The stone remained in its position on the sidewalk from three to five years prior to the accident. If the authorities of the city did not know of its existence, they could, by the exercise of very

slight diligence, have discovered its position, and an observation of it in its location upon the sidewalk was sufficient to impress upon the mind of a person of ordinary caution and prudence that it was a dangerous obstruction. That it was dangerous, the facts of this case attest. It took up a part of the sidewalk which the public had the right to suppose was open to use. And the city authorities must have known that the size of the stone and its position on the walk was an obstruction calculated to cause injury to some one who had no knowledge of its existence.

There is no evidence authorizing the court to submit the issue of contributory negligence. The court did give the correct test as to the duty of the city in the exercise of care over its sidewalks; but what we desire to emphasize is the fact that, in our opinion, the evidence did not warrant the conclusion reached by the jury.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*