### WILLIAM REDFORD *vs.* CITY OF WOBURN.

Middlesex.   January 24, 1900. — September 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Shut-off Box a Defect in Highway.*

*It seems* that a shut-off box in the middle of a sidewalk much used for foot travel, projecting on one side an inch and a quarter above the surrounding gravel, constitutes a defect in the highway.

TORT, for personal injuries occasioned to the plaintiff on December 4, 1897, by stepping upon a water shut-off box on the sidewalk of a public highway in Woburn. At the trial in the Superior Court, before *Stevens*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*F. P. Curran*, for the defendant.

*E. I. Smith & C. M. Ludden*, for the plaintiff.

MORTON, J.   There was evidence tending to show that the plaintiff, while in the exercise of due care, was walking along a sidewalk on Bennett Street, a public highway in the defendant town, when he stumbled over a water shut-off box which was about in the middle of the sidewalk, and received the injuries complained of. The exceptions state that the sidewalk was much used for foot travel. The defendant asked the court to rule that on all the evidence the plaintiff was not entitled to recover, and that the evidence was not sufficient to justify the jury in finding that the shut-off box was a defect. The court declined so to rule. There was a verdict for the plaintiff, and the case is here on the defendant's exceptions to the refusal of the court to give the rulings asked for.

The size of the shut-off box is not given, but the exceptions state that it was "the usual contrivance used in cities for shutting off connection between public water mains and the service pipes of private takers." It appeared that on the side next to the fence it projected one eighth of an inch above the surrounding gravel, on the northerly side one quarter of an inch, on the southerly side one half of an inch, and on the easterly side one and one quarter inches. The cause of the projection on the easterly side does not appear except inferentially. It may have been because the sidewalk was worn away on that side so as to leave the box projecting as it did, or it may have been that the slope of the sidewalk, which is stated in the exceptions to have been "in a general way" from the fence to the street, was such at that spot as to cause the box to project on its easterly side. Whatever the cause, there is nothing to show that the projection was due to an accident, or that the condition had not existed for days and perhaps weeks. The defence does not seem, indeed, to have been based on the ground that the defect, if there was one, was a matter of only a few hours' standing, but on the ground that the box did not constitute a defect, and that the evidence left it uncertain whether the box caused the injuries complained of. But, as already observed, we think that there was evidence warranting the jury in finding that the box caused the plaintiff to fall. And we do not think it could be ruled as matter of law that the jury were not warranted in finding that a shut-off box in the middle of a sidewalk much used for foot travel, projecting on one side an inch and a quarter above the surrounding gravel, did not constitute a defect. Whether such an object was liable to cause travellers while in the exercise of due care to stumble and fall, or to turn or sprain the ankle, as we infer the plaintiff did, and whether the defendant exercised reasonable care in suffering the box and sidewalk to remain in the condition in which they were, were, it seems to us, questions for the jury. See *Loan* v. *Boston*, 106 Mass. 450 *Dowd* v. *Chicopee*, 116 Mass. 93 ; *Spellman* v. *Chicopee*, 131 Mass. 443 ; *Aston* v. *Newton*, 134 Mass. 507 ; *Sawyer* v. *Newburyport*, 157 Mass. 430, 431 ; *Marvin* v. *New Bedford*, 158 Mass. 464 ; *Hughes* v. *Lawrence*, 160 Mass. 474. The fact that the shut-off box was the usual contrivance used in cities for the purpose for which it

was placed in the sidewalk would not justify the defendant in maintaining it in such a condition as to render the highway defective and unsafe.                    *Exceptions overruled.*