MARGARET LAMB *vs.* CITY OF WORCESTER.

Worcester. October 2, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Hyatt Light Bulkhead — Defect in Sidewalk — Due Care — Questions for Jury.*

At the trial of an action for personal injuries occasioned by an alleged defect in the sidewalk of the defendant city, it appeared that the plaintiff, in the forenoon of a bright day, without anything to distract his attention caught his foot near the corner of the main part of a Hyatt light bulkhead and hinge and fell and was injured; that the bulkhead consisted of two flat doors shutting together in the centre and opening upward and outward, being together about four and one half feet square; that there were to these doors four hinges, which projected from one and one half inches to one and eleven sixteenths inches above the level of the sidewalk; that the doors were even and level on top, and were from one and one eighth to one and one quarter inches above the other level of the sidewalk and were smooth and rounded at the edges, "except that there was a right angle made between the hinge and the main part of the bulk·head extending upward from the level of the sidewalk, the height at the point where the plaintiff caught his foot being one and one half inches"; and that the rest of the sidewalk, "except as affected by the bulkhead, was smooth and safe and convenient for travel." *Held*, that whether the bulkhead constituted a defect in the sidewalk which the defendant city, in the exercise of reasonable care, should have remedied, was a question of fact for the jury, as was also the question of the plaintiff's due care.

TORT, for personal injuries. At the trial in the Superior Court, before *Bell*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*A. P. Rugg*, for the defendant.

*W. Thayer*, (*H. W. Cobb* with him,) for the plaintiff.

MORTON, J. This is an action to recover for personal injuries sustained by the plaintiff by reason of an alleged defect in the sidewalk along which she was walking at the time of the accident in Front Street in Worcester. The sidewalk was fifteen and one half feet wide at the place of the accident. Ten feet of the sidewalk from the street edge consisted of granite slabs. The remaining five and one half feet "consisted of what is known as the Hyatt light construction, being an iron frame with circular glass insertions to give light to the basement under the

sidewalk." The alleged defect was in this Hyatt light construction, and was a Hyatt light bulkhead which consisted of two flat doors shutting together in the centre and opening upward and outward, and being together about four and one half feet square. There were four hinges to these doors. The hinges projected from one and one half inches to one and eleven sixteenths inches above the level of the sidewalk. The doors were even and level on top, and were from one and one eighth to one and one quarter inches above the other level of the sidewalk, and were smooth and rounded at the edges " except that there was a right angle made between the hinge and the main part of the bulkhead extending upward from the level of the sidewalk, the height at this point, which was where the plaintiff caught her foot, being one and one half inches." The rest of the sidewalk, " except as affected by the bulkhead, was smooth and safe and convenient for travel."

There was evidence tending to show that the accident happened at about eleven o'clock in the forenoon of a bright day in December, and that the plaintiff was walking along with a companion without anything to distract her attention when she " caught her foot against the corner of the main part of the bulkhead and hinge and fell," and received the injuries complained of.

The defendant contends that the bulkhead did not constitute a defect, and that the plaintiff was not in the exercise of due care. Instructions to that effect were requested by it and were refused, and the defendant excepted. There was a verdict for the plaintiff.

Whether projections of the character described from an otherwise smooth and level sidewalk constituted defects in the sidewalk which the defendant in the exercise of reasonable care should have remedied, seems to us to have been properly submitted to the jury. In view of recent decisions we do not see how it could have been ruled as matter of law that they did not constitute defects. *Redford* v. *Woburn*, 176 Mass. 520, and cases cited. The defendant relies upon *Raymond* v. *Lowell*, 6 Cush. 524. But in that case the alleged defect consisted of a sewer grate resting against the edge of the curbstone of a sidewalk and projecting an inch or two above it, and it was held that a person

who chose to cross the street at that point and tripped over the grate could not recover. *Dowd* v. *Chicopee*, 116 Mass. 93, 95. In this case the defect was in a smooth and otherwise level sidewalk at a place where the plaintiff had a clear right to pass. Moreover, though *Raymond* v. *Lowell* has been frequently cited and recently cited, (see *Newton* v. *Worcester*, 174 Mass. 181, 188,) it has also been questioned. *George* v. *Haverhill*, 110 Mass. 506, 511. *Marvin* v. *New Bedford*, 158 Mass. 464, 467, 468.

We also think that the question of the plaintiff's due care was rightly submitted to the jury. Even in the absence of anything to distract her attention she was not required to keep it entirely on the sidewalk in front of her as she walked along, and to observe where each footstep was taken. She had a right to rely somewhat on the smooth and level character of the sidewalk generally, and on its being free from dangerous defects. The extent to which she could properly do so under the circumstances was eminently a question for the jury. *Redford* v. *Woburn, ubi supra.*　　　　　　　　　*Exceptions overruled.*