MAY, RESPONDENT, *v.* CITY OF ANACONDA, APPELLANT.

(No. 1,358.)

(Submitted October 10, 1901.   Decided December 2, 1901.)

*Cities — Defective Streets—Liability of City—Contributory Negligence—Evidence—Exceptions—Appeal—Review.*

1.   A city is liable for injuries resulting from its negligently permitting its streets to be and remain in a dangerous condition.

2.  The fact that Political Code, Sec. 5036, declares that every city is responsible. for injuries to property within its limits by mobs or riots, does not indicate a legislative intent to exempt cities from liability for all other torts.

3.  Where a bowlder remains in a city street for many months, constituting a dangerous obstruction, a finding that the city was negligent in so permitting the obstruction to continue is justified.

4.  Where no exception is taken to the ruling of the court in admitting evidence over defendant's objection, the error, if any, cannot be reviewed on appeal.

5.  Under Compiled Statutes 1887, General Laws, Fifth Division, Sec. 320, providing that the fee of streets shown on a city plat shall be vested in the city for the use of the public, a city which by ordinance has accepted and has improved such a street, when sued for injury resulting from a defect in the street, cannot escape liability by denying that the locality is a street.

6.  Where plaintiff was injured by collision with a bowlder in an unlighted city street, which had been used and traveled for years, while he was driving slowly along the center of the street on a dark night,—he having no knowledge of the bowlder,—such act was not contributory negligence.

7.  Removal of the bowlder by the city after the accident was not evidence of negligence in failing to remove it before that time, but was relevant as tending to show that the point where the accident occurred was in a street over which the city had assumed control and hence was under obligation to repair.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by W. B. May against the city of Anaconda. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. T. O'Leary,* for Appellant.

*Messrs. Rodgers & Rodgers,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This action was brought to recover judgment for damages alleged to have been suffered by reason of the defendant's neglect to maintain one of its streets in repair. By the complaint it is alleged that the defendant, a city organized under the statutes of Montana providing for the organization of municipal corporations, established public streets within its limits and undertook the duty of keeping them in safe condition; that among the officers of the city was a street commissioner, having supervision of all the streets; that on the 3d day of July,

.1897, and for a long time prior thereto, there was in Pine street (a street of the defendant) a large rock, or bowlder, which was dangerous to the life and safety of any person or persons who might travel over the street at night, the dangerous character whereof had been and ought to have been known to the defendant and its officers, and which the defendant negligently permitted to remain in the street on July 3, 1897; that on the night of July 3, 1897, while the plaintiff was traveling and driving a wagon on that street, being unaware of the danger and of the presence of the bowlder or rock so negligently left there by the defendant, his wagon, without his fault or negligence, ran over it, throwing the plaintiff from the wagon and causing the lasting and permanent injuries of which he complains. The answer admits that the defendant is a municipal corporation, but denies every other allegation of the complaint. The jury found for the plaintiff, assessing his damages at $3,500, and the defendant appeals.

1.   The complaint is assailed upon the ground that it does not state facts sufficient to constitute a cause of action, and hence does not support the judgment, in that there is no statute imposing upon cities a liability for injuries caused by their negligent omission to keep the streets in a reasonably safe condition.   This objection was considered and overruled in *Snook* v. *The City of Anaconda, ante,* p. —, this day decided.

Section 5036 of the Political Code declares that every city or town is responsible for injuries to real or personal property within its corporate limits done or caused by mobs or riots, and the defendant argues that this would seem to indicate the legislative intent to exempt municipal corporations from liability for all other torts, upon the principle that *expressio unius est exclusio alterius.*   The sole purpose of the section was to create a liability which did not exist at the common law.   Its object was not to relieve municipal corporations of burdens, but to impose a new one.   If the defendant's argument be correct and the maxim applicable, cities are not answerable for positive or affirmative acts of negligence whereby the streets

are made unsafe,—a rule which we think nowhere finds support
or countenance.

2.   The defendant's counsel argue that there was no negli-
gence proved against the city. The bowlder had been a danger-
ous obstruction in the street for many months and the jury,
by their general verdict, impliedly found that the city knew,
or ought to have known, of its presence, and was negligent in
failing to remove it.   Upon the city was imposed the power
and the attendant or resulting duty to exercise a reasonable
degree of diligence to keep the street free from such obstruc-
tions; its omission to use such diligence was actionable negli-
gence.   This case is similar to *Davis* v. *City of Austin,* 22
Texas Court of Civil Appeals Reports, 460 (54 S. W. 927),
but is very different from *Kieffer* v. *Hummelstown Borough,*
151 Pennsylvania State Reports, 304, 17 Lawyers' Reports
Annotated, 217, 24 Atlantic Reporter, 1060.

3.   The plaintiff testified that in a conversation which he
had with the defendant's street commissioner several months
after the accident, the latter declared that he knew the bowlder
was in the street prior to the accident. The defendant objected
to the reception of this testimony upon the sole ground that the
proper foundation had not been laid to show that the place
where the accident occurred was a public street.   The court
overruled the objection, but no exception was reserved.   Under
these circumstances it is clear that the question whether there
was error cannot be entertained on appeal.   The defendant now
argues that it could not be bound by any statement made by the
street commissioner after the accident.   This may be true, and
the testimony may have been hearsay, but no such objection was
made at the time and no exception whatever was taken.

4.   The defendant contends that there was not sufficient
evidence to prove that the place where the accident occurred
was part of a public street which the defendant was obliged
to use reasonable care to maintain in a state of repair.   We
think there was.   Pine street, upon which the accident oc-
curred, is shown upon the plat or map of the city filed with the

county clerk in 1883. Section 320 of the Fifth Division, General Laws, Compiled Statutes of 1887, provides that the fee of streets shown on such map or plat shall be vested in the city for the use of the public. The statute granted, and the defendant by ordinance assumed, control of all the streets and the duty to keep them in repair. Ordinances were passed providing for the raising of money by taxation for the purpose of improving and repairing all the streets. In establishing grades, the city recognized Pine street as one of its streets. The city, through the council, granted permits for the building of sidewalks on Pine street. There was evidence tending to prove that for fifteen years the street had been regularly traveled, and at the point where the accident happened there were houses and fences on each side of the street. The city had performed work at that point, and after the accident the street commissioner caused the bowlder to be removed,—of course the removal of the bowlder after the accident was not evidence to show negligence on the part of the city in failing to remove it before the accident, but it was relevant as tending to show that the point where the accident occurred was part of a street over which the city had assumed control and hence was under the obligation to keep in repair. It is difficult to conceive what further evidence could be required as to this matter. In *Mayor v. Sheffield,* 4 Wallace, 189, the court said: "If the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they do other streets, and an individual is injured in consequence of the negligent and careless manner in which this is done, the corporation cannot, when it is sued for such injury, throw the party upon an inquiry into the regularitiy of the proceedings by which the land became a street, or into the authority by which the street was originally established." We quote also the following language from *Maus v. City of Springfield,* 101 Missouri Reports, 613, (14 S. W. 630, 20 Am. St. Rep. 634): "To establish the character of the locality, where the injury occurred, as part of a public street, nothing more was essential than to show that it

was in actual possession of the city and open to, and used by, the public as a thoroughfare at the time. This plaintiff did. It was not necessary to prove any formal dedication or appropriation of the street." To the same effect are *Houfe* v. *Town of Fulton,* 34 Wisconsin Reports, 608 (17 Am. Rep. 463); *Town of Salida* v. *McKinna,* 16 Colorado Reports, 523, 27 Pacific Reporter, 810, and *City of Abilene* v. *Wright,* 4 Kansas Appeal Reports, 708, 46 Pacific Reporter, 715.

5. Counsel for the defendant say that it was conclusively shown by the plaintiff's own testimony that he was injured through his own negligence in driving with a loose rein, out of a walk, on a dark night, over an unlighted street, in a sparsely settled part of the city, of which he had but little knowledge. The evidence given by him tended to prove that when injured he was driving slowly in the night time, in the middle of the street which had been traveled as such for many years, and that he knew nothing of the obstruction which lay in his path. He was justified in assuming that the city had used diligence to keep the street in a reasonably safe condition. We are unable, therefore, to agree with counsel; on the contrary, if his testimony stated the facts (and under the verdict we must assume that it did) he was not guilty of contributory negligence.

Several other supposed errors are mentioned in defendant's brief; some of them have been treated of in the consideration of the points already discussed, and those not so disposed of are without merit.

The judgment and the order refusing a new trial are affirmed. *Remittitur* may issue forthwith.

*Affirmed.*

The CHIEF JUSTICE, having tried the cause in the court below as judge, takes no part in the foregoing opinion.