## MELVIN v. KANE. (No. 1673.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1924. Rehearing Denied Nov. 20, 1924.)

1. **Municipal corporations ⬅808(8)—That city permitted construction by property owner of driveway and accepted same held no defense in action for injuries.**

Where concrete driveway was constructed by defendant property owner across curb and sidewalk without connecting end of cut curb with driveway, thus leaving a small niche, fact that driveway was constructed with permission of and was accepted by city *held* not defense in action for injuries sustained by pedestrian in stepping into niche.

2. **Municipal corporations ⬅821(26)—One attempting to cross from street to sidewalk held not negligent as matter of law in failing to do so at particular point.**

Pedestrian who attempted to pass from street to sidewalk *held* not negligent as a matter of law merely because she did not use driveway or a concrete walk which led from curb to sidewalk.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Margaret Kane against M. Melvin. From a judgment for plaintiff, defendant appeals. Affirmed.

C. L. Galloway and Paul D. Thomas, both of El Paso, for appellant.

W. W. Bridgers and Chas. Owen, both of El Paso, for appellee.

HIGGINS, J. Appellant's statement of the nature and result of this suit is substantially correct and is adopted. It is as follows:

"The appellee, Margaret Kane, instituted this suit in the district court of El Paso county. Tex., on October 30, 1923, against the appellant, alleging in substance that on or about the 19th day of June, 1923, appellant was the owner of and possessed of certain real property and the improvements thereon, said property being the southeast corner of block 16H Alexander's Addition to the city of El Paso, Tex., at the intersection of North Stanton and Missouri streets, and on which said property there were at all times referred to certain storerooms and a gasoline filling station, and which said storerooms abut on the sidewalk adjoining said premises, one of which said storerooms was at all times herein referred to used and occupied by one of appellant's tenants, who conducted therein a place of merchandise, and to which the public repaired on various and sundry occasions for making purchases; that a concrete sidewalk and curbing adjoin the premises and run parallel therewith on North Stanton street, which said sidewalk and curbing were and are a portion of said premises, and were constructed and maintained by the appellant, and with the maintenance, good repair, and safe condition he was chargeable at all times.

"The appellee further charges that appellant

had negligently permitted a niche or broken place to be and exist in said curbing, and that by reason of such negligence, where she was approaching said store, she stepped on said curbing and in said niche; and by reason of the same she was thrown violently, with the result that her wrist was broken, causing her great damage, etc.

"Appellant answered by a general denial of all the allegations contained in appellee's petition, and further alleged that he was permitted by the city to build an entrance on said sidewalk to the filling station, and that said work was done in accordance with the rules and specifications of the city and was accepted by the city. Appellant further alleged that the appellee was guilty of contributory negligence in trying to enter said store in an unusual place, when a smooth, level sidewalk entered into said store. Appellant further alleged that under sections 56, 57, and 58 of the City Charter of El Paso, Tex., the city of El Paso has the complete and exclusive control and power over all the streets, sidewalks, and curbing of said city, and by virtue of said sections said city of El Paso has attempted to and has built and ordered to be built the sidewalks and curbings on the streets of said city in a uniform manner; that the curbing and sidewalks in front of appellant's premises are built in accordance with such plan of said city and under its direction, and said appellant was required to obtain a permit from said city to cut the curbing so as to make an entrance way to the sidewalks and buildings abutting said street; that all of said sidewalk, curbing, and entrance was built prior to the alleged accident, and in strict accordance with the plan adopted by said city."

A condensed statement of the jury's finding upon special issues is as follows: (1) The defendant or his agent or employé made the opening in the curb complained of. (2) In so doing they were negligent. (3) The plaintiff stepped into the hole, and was thereby caused to fall and sustain injury as alleged. (4) Such negligence was the proximate cause of the injury. (5) Plaintiff was not guilty of contributory negligence. (6) Plaintiff was damaged in the sum of $1,000. (7) Defendant, his agents, or employés left the opening in the curb, or allowed same to remain as it was. (8) They were negligent in so doing. (9) Such negligence was the proximate cause of the plaintiff's fall and injury. (10) There was a walk or walks from the street to the sidewalk in front of defendant's premises. (11) Such walk or walks were in reasonably safe condition for pedestrians. (12) The plaintiff was not guilty of contributory negligence in not choosing one of such walks.

[1] By the first three propositions it is asserted that the curb was constructed prior to the defendant's purchase of the property, and the evidence fails to show that the city of El Paso had authorized the defendant to work on the street or curb, or that defendant caused the defect in the curb, wherefore the city alone was liable for the injury caused by the defect, because under the law such city had the exclusive control of the streets and sidewalks, and no one was authorized to alter, change, or repair the same without authority from the city.

The evidence shows the curb was built before the defendant acquired the property. After he became the owner, defendant, with the permission of the city, caused to be built a concrete driveway from the street across the intervening parking space and sidewalk to the gasoline filling station. The defect complained of is a small open space between the end of the curb and the driveway. It is apparent from the evidence as a whole that the curb was cut to put in the driveway, and in building the driveway this open space was left. In other words, the driveway was not built so as to connect with the end of the cut curb. This evidence and the jury's findings establish the liability of the defendant under the ruling by the Commission of Appeals in Houston, etc., v. Scheppelman, 235 S. W. 206, where it is said:

"With reference to the contention that the city of Houston alone is liable, it is our view that no person, with or without the consent of the municipality, can actively render a highway or sidewalk of a municipality unsafe for public use, without, as a rule, being liable to a traveler who suffers injury thereby. The breach of its duty by the municipality to restore the highway or sidewalk to a reasonably safe condition and maintain it in that condition—in other words, its passive neglect—furnishes no defense to an action for damages against the party whose active negligence rendered the highway or sidewalk dangerous."

See, also, 2 Elliott, Roads and Streets, §§ 898, 899, 900; 1 Thompson on Negligence, § 1206.

[2] Appellee at the time she was injured had driven up in a car, and intended entering the store upon appellant's premises to make some purchases. Just in front of the store there was a concrete walk from the curb leading across the parking to the sidewalk. It is contended that plaintiff was guilty of contributory negligence as a matter of law, because she undertook to pass from the street to the sidewalk at the place she did instead of using the aforesaid concrete walk or the driveway leading to the gasoline station. Mrs. Kane testified the reason the car she was in did not stop directly in front of the store was because there was another car there. Furthermore, the plaintiff had a right to stop the car anywhere she chose along the street, and to pass direct from the street to the sidewalk. We know of no rule which would convict her of contributory negligence as a matter of law simply because she undertook to pass to the sidewalk at the point she did instead of using the driveway or walk directly in front of the store.

Complaint is made of the refusal of a special charge. It was properly refused for the reason indicated in Railway v. Harrington

(Tex. Com. App.) 235 S. W. 188. The exclusion of certain testimony of the witness Piggott presents no error. The last proposition submitted is but a repetition of preceding ones, and is ruled by what has heretofore been said.

Affirmed.