## MELVIN v. KANE. (No. 565—4312.)

(Commission of Appeals of Texas, Section B. Dec. 2, 1925.)

**1. Appeal and error ⚹1094(2)—Finding approved by district court and Court of Civil Appeals not disturbed, unless no evidence on which it could be based.**

Where jury's finding is approved by district court and judgment entered thereon, and such finding is sustained by Court of Civil Appeals, Supreme Court will not overrule lower courts, unless there is no evidence upon which such finding could be based.

**2. Municipal corporations ⚹819(3)—Evidence held to sustain finding that space between cut curb and driveway result of defendant's failure to properly connect driveway to end of curb.**

In action for injuries from stepping into open space left between cut curb and driveway, evidence *held* to sustain finding that such space resulted from property owner's failure to have driveway connected with end of cut curb.

**3. Municipal corporations ⚹808(8)—That city permitted and accepted construction of defective driveway no defense in action against property owners for injuries.**

Where property owner in constructing driveway failed to connect it with end of cut curb, thus leaving an open space into which plaintiff stepped and sustained injuries, *held*, that fact that city permitted construction of driveway and accepted it was no defense.

**4. Municipal corporations ⚹821(20)—Plaintiff, attempting to cross from street to sidewalk, not negligent as matter of law in failing to cross at particular point.**

Plaintiff, stepping into open space between defendant's driveway and end of cut curb, *held* not guilty of contributory negligence as matter of law in not using driveway or concrete walk in passing from street to sidewalk, or in not stopping directly in front of store in which she intended to trade.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Margaret Kane against M. Melvin. Judgment for plaintiff was affirmed by Court of Civil Appeals (265 S. W. 1061), and defendant brings error. Affirmed.

C. L. Galloway and Paul D. Thomas, both of El Paso, for plaintiff in error.

Chas. Owen and W. W. Bridgers, both of El Paso, for defendant in error.

POWELL, P. J. Defendant in error, upon a trial before a jury, recovered judgment in the district court of El Paso county, Tex., for $1,000 against plaintiff in error because of personal injuries she sustained in falling on a curb in front of property of Melvin. Upon appeal by the latter, the judgment of the trial court was affirmed. See 265 S. W.

1061. The case is stated fully by the Court of Civil Appeals, and it is unnecessary to repeat that statement here.

There are but two assignments of error in the application. The first one reads as follows:

"The Court of Civil Appeals erred in holding the following:

"After giving a statement of the case, the court makes the following finding:

"'After [appellant] became the owner, defendant, with the permission of the city, caused to be built a concrete driveway from the street across the intervening parking space and sidewalk to the * * * filling station. The defect complained of is a small open space between the end of the curb and the driveway. It is apparent from the evidence as a whole that the curb was cut to put in the driveway, and in building the driveway this open space was left. In other words, the driveway was not built so as to connect with the end of the cut curb.'"

[1] There are three or four propositions in the application under aforesaid assignment, but all based upon the proposition that there is no evidence in the record to sustain the findings by the Court of Civil Appeals which we have just quoted. If we find that there is any evidence in the record to sustain these findings, then the propositions under aforesaid assignment, which do present some very interesting legal questions, will not be applicable here. So we proceed to a consideration of the record to ascertain whether or not there is any evidence to sustain the finding that this defect in the curb was caused by Melvin or his agents. The jury found it was. The district court approved that finding and entered judgment thereon accordingly. The Court of Civil Appeals sustained this finding. Under these circumstances, the Supreme Court cannot overrule the lower courts, unless it can be said that there is no evidence upon which such a finding could be based. Can this be said? We think not.

Melvin purchased this land several years before this accident. At that time it had no business houses on it. It had an old residence on one part of the land. He then constructed a business building, large enough to be partitioned into a small tailor shop, a small grocery store, and a filling station. At the time he bought the land it had the usual sidewalk, grass plot, and curb alongside. There is no evidence that there was at that time any vacancy in the curb. When he decided to build a driveway into his filling station, he secured permission to cut the curb in two places and insert this driveway. It was cut by permission of the city and by the agents of Melvin. Those agents constructed the driveway. When it was completed, one F. K. Piggott, a civil engineer connected with the engineering department.

of the city of El Paso, inspected the work. He testified:

"There is a driveway there into the filling station. Those driveways are usually built by the property owners. The city requires a permit to cut the curb and build the driveway. The driveway is inspected by my department as to the quality of the work and if it fits the city standards. I have visited this place. This driveway is constructed and laid in there according to city requirements. I observed the joint here between the curbing, as it stands, and the north edge of this driveway, and there is a small broken place there. The upper corner of the curb is broken out, probably three or four inches wide and a couple deep. I couldn't say whether that occurred at the time of construction or later—whether it was knocked out since that."

It will be observed that the inspector did approve the driveway; but he did not say that he approved the defect in the curb beyond the driveway, which he describes, and which is the basis of this suit. All the evidence in the case shows this defect was most unusual and not generally present in these filling station driveways. There is no assignment in the application to the effect that Piggott would have sworn he would have approved this broken curb if he had been asked that question.

Piggott, a witness for plaintiff in error, said he did not know whether the defect in the curb occurred in the construction of the driveway or later. But there are other witnesses on that point. The defendant in error and her son both testified in this connection. The former said her husband was a cement contractor, and that she was often with him on his work, and that she was familiar with such character of work. She gave it as her opinion, judging from all appearances, that the defect was created when the curb was cut for the building of the driveway; that it was chopped off and never built up again. There was no objection to this testimony. It was in the record. Again, her son, who drove her car at the time of the accident, testified that he was familiar with the appearance of this defect and that it "looked like it was chopped out in order to build a driveway there." There was no objection to this testimony. It was also before the jury.

Since Melvin had this work done, he was in better position than any one else to shed some light upon this point. There is nothing in the record to show why the contractor who actually did the work was not placed on the stand. He, or his employees, above all others, could have given direct and positive testimony as to whether or not this curb was in that condition because of what was done when it was cut to make way for the driveway. The plaintiff had made out a prima facie case. It was incumbent upon the defendant to rebut that testimony or abide by the verdict of the jury upon the evidence already before it; and, in the face of this situation, the defendant in the trial court offered absolutely no evidence throwing any light upon this all important question. Melvin himself admitted that he did not know when the defect occurred. We do know that the breaking of the curb to make way for the driveway was one way in which this defect could very reasonably have arisen. No testimony was offered showing any other explanation for its presence in the curb.

[2, 3] We hold that there was some evidence in the record to sustain this finding by the Court of Civil Appeals. Upon such a finding we think that court correctly announces the law as follows:

"This evidence and the jury's findings establish the liability of the defendant under the ruling by the Commission of Appeals in Houston, etc., v. Scheppelman, 235 S. W. 206, where it is said:

" 'With reference to the contention that the city of Houston alone is liable, it is our view that no person, with or without the consent of the municipality, can actively render a highway or sidewalk of a municipality unsafe for public use, without as a rule, being liable to a traveler who suffers injury thereby. The breach of its duty by the municipality to restore the highway or sidewalk to a reasonably safe condition and maintain it in that condition—in other words, its passive neglect—furnishes no defense to an action for damages against the party whose active negligence rendered the highway or sidewalk dangerous.'

"See, also, 2 Elliott, Roads and Streets, §§ 898, 899, 900; 1 Thompson on Negligence, § 1206."

The opinion in the Scheppelman Case was written by Judge Spencer for section A of the Commission of Appeals. In that case, the district court, Court of Civil Appeals, Commission of Appeals, and the Supreme Court permitted a plaintiff to recover under facts very similar to those in the case at bar.

In his opinion, Judge Spencer stated:

"The case of City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 519, is, in our opinion, applicable here. It was there determined, under substantially similar facts, that the St. Joseph's Orphan Asylum, which years before had created a dangerous condition of the sidewalk, was primarily liable for an injury to a pedestrian, notwithstanding the city was also liable."

In still another portion of his opinion, Judge Spencer spoke as follows:

"It is the duty of those who do work upon or adjacent to, or who use the highways of a municipality, to so observe the rights of the public in so doing as to prevent the same from becoming impaired for the purposes of travel, just the same as the duty rests upon the municipality to do so. Kampmann v. Rothwell et al., 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758."

In building this driveway for the convenience of his filling station, Melvin was re-

quired to use ordinary care for the safety of those using the sidewalks and streets of the city. The jury said he did not do so and that his failure in that regard was the proximate cause of the injury to defendant in error.

[4] The only other assignment in the application is to the effect that defendant in error was guilty of contributory negligence as a matter of law. It is contended that a peremptory instruction should have been given the jury upon this ground. The jury found there was no contributory negligence in this case. We think, under all the facts of the case, this was a jury question. We are of the view that the Court of Civil Appeals answers this contention correctly as follows:

"Appellee at the time she was injured had driven up in a car, and intended entering the store upon appellant's premises to make some purchases. Just in front of the store there was a concrete walk from the curb leading across the parking to the sidewalk. It is contended that plaintiff was guilty of contributory negligence as a matter of law, because she undertook to pass from the street to the sidewalk at the place she did instead of using the aforesaid concrete walk or the driveway leading to the gasoline station. Mrs. Kane testified the reason the car she was in did not stop directly in front of the store was because there was another car there. Furthermore, the plaintiff had a right to stop the car anywhere she chose along the street, and to pass direct from the street to the sidewalk. We know of no rule which would convict her of contributory negligence as a matter of law simply because she undertook to pass to the sidewalk at the point she did instead of using the driveway or walk directly in front of the store."

The filling station was on the corner, the grocery store just next to the north, and the tailor shop just north of the latter. All of these business houses were comparatively small and the owner of the premises is charged with notice that people may drive up anywhere along the curb and enter any of these business places. In this day and time, parking space is difficult to locate and people cannot always stop directly in front of the store they wish to enter and trade. No law requires any such action on their part. The jury can say whether or not they exercise ordinary care in stopping where they do stop before entering a shop.

It is worthy of note, in this very connection, that there was no paved approach directly in front of this grocery store where defendant in error was intending to shop when injured. Stott, its proprietor, testified as follows:

"There is no sidewalk from the curbing in front of my store, but there is in front of the store above me. That is about four feet above my door, and the door is next to the wall. It ought to be a little further this way (referring to plat), and is concrete, and made for the purpose of a walkway into those two stores. The door to the other shop is right next to mine. The south edge of this is about four feet above my door. People who come to my store in automobiles do not ordinarily use this means of approach; they walk up the driveway of the filling station; they stop here and walk this way to my door."

Under the testimony just quoted, defendant in error would have followed the usual course by using the filling station driveway. She was not far from that when she was injured. She was at its very corner. It cannot be said, as a matter of law, that an ordinarily prudent person would not have made a short cut and attempt to approach the store as she did. Before she ever reached the dirt beyond the curb and between the curb and the sidewalk, she fell. If the curb had been regular, she probably would not have fallen at all. The jury found that the defect in the curb was the proximate cause of her injury and that such defect convicted Melvin of negligence.

In view of what we have said, we think the judgments of the district court and Court of Civil Appeals should be affirmed. We so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.