## The Pennsylvania Railroad Company *versus* McTighe.

*Action for negligence.—Plaintiff held to observance of ordinary care.— Onus of proving negligence.—Reasonable care defined.— Court not bound to charge as requested by party on facts assumed to be true, when they are disputed.*

1. One who passes along an obstructed highway is bound to observe ordinary care, that is, such care as a reasonably prudent man, under the peculiar circumstances of the case, would exercise to preserve himself and property from injury.

2. Where, in an action against a railroad company to recover damages for an injury sustained by a collision with cars standing on the track in a public highway, the accident occurring in the daytime, in the view of witnesses who testified to all the particulars, the jury were instructed that if there was negligence on the part of the plaintiff which contributed to the disaster, he was not entitled to recover; and by the pleadings, and the testimony to prove negligence of plaintiff offered by the defendant, the question of negligence was

fully raised: it was held immaterial upon whom the onus of proving or disproving negligence was cast by the court, as it was for the jury to determine, under the circumstances, whether or not the plaintiff had been guilty of inexcusable negligence.

3. It is not error in such an action to refuse to instruct the jury that "it lay upon the plaintiff to show that he had used that degree of care and prudence which was necessary to have prevented a collision with defendants' cars, and that he must show this affirmatively;" nor that "in a public street and not dangerous *per se,* if a person comes against an obstruction in the daytime and receives injury, he cannot recover against the wrongdoer, without showing affirmatively that he had used that amount of care which was required under the peculiar circumstances of the case to pass by it, and having used the same is nevertheless damaged:" such standards of care are not reasonable, as, under them, the occurring of the accident would have been proof of negligence.

4. Where a party desires to obtain instruction on a given hypothesis, he must state the facts hypothetically, if they are controverted: hence, where disputed facts were assumed in a point propounded by the plaintiff in error to the court below, the refusal to charge as requested was not error.

ERROR to the Common Pleas of *Allegheny county.*

This was an action on the case, by James McTighe against The Pennsylvania Railroad Company, to recover damages for an injury done to his person by the negligence of the defendants in permitting freight cars to stand upon the public street.

The material facts of the case were these:—On the day the plaintiff was injured, three or more of defendants' freight cars were permitted to stand on the defendants' track, on the north side of Liberty street, in the city of Pittsburgh, from a point near Wayne street, along in front of warehouses occupied by Martin Heyl, John McCargo, David R. Galway, and others. This track runs parallel with, and twenty feet distant from, the curb in front of these houses. From the inner rail to the middle of the gutter the distance is seventeen and a half feet, and from there to the curb it is two and a half feet—in all twenty feet. The cars were standing there without any motive power attached, for some time before as well as after the plaintiff was injured. One of the witnesses testified that they stood there while he hauled three loads away from one of the houses above mentioned.

The plaintiff backed his dray into McCargo's, at right angles with the pavement, and after loading four or five barrels of whiskey, took his position at the left side of his horse's head, with his left hand on the bridle, his right hand on the end of the left shaft, and his back toward the cars in the street. In this position he started to pull out to the right, down the street. When he had turned about half round, he came in contact with one of the cars, and immediately thereafter was struck on the side by the end of the left shaft, just below the left armpit, receiving then and there the injury on which the suit was founded.

The defendants requested the court to instruct the jury:—

1. That if, from the evidence, they believe that the plaintiff

neglected to use ordinary care and prudence to avoid coming in contact with the cars, and that such negligence contributed to cause the injury, he cannot recover.

2. That before they can find a verdict for the plaintiff, they must be satisfied that he has shown, by his evidence, that the cars were placed upon the highway by the defendants, their agents or employees; and that it is not sufficient in law to sustain this action, to show that they were upon said track, without further showing that it was the act of the defendants in placing them there, or that they were the property of the company.

3. That the burden of proof, in this case, is upon the plaintiff to show that he used that degree of care and prudence which was necessary to have prevented a collision with the cars; and that he must show affirmatively that no negligence on his part contributed to produce the injury.

4. That the burden of proof, in this case, is not on the defendants, to show the want of the proper care and prudence on the part of the plaintiff, by which he contributed to the injury; but the plaintiff must prove himself clear of all culpable neglect, before he can recover.

5. That if the jury believe, from the evidence, that other draymen frequently went with their drays loaded from the immediate locality where the plaintiff was hurt, while cars were standing upon the track as described, and did so without injury, these facts raise a violent presumption against him, that he omitted, on the 5th day of May 1862, to use that care and foresight which they did, and which, if exercised, would have enabled him to have escaped injury, and that this presumption of negligence throws upon him the necessity of showing that he was not guilty of any misconduct which contributed to the injury.

6. That if the jury find that the cars were standing upon the track as described, at the time the plaintiff came to get his dray loaded, and by reason thereof, his passing from the pavement with it was rendered more difficult, then he was bound to the exercise of a greater amount of care than if they were not there; and this he must show he did.

7. If the jury believe, from the evidence, that the plaintiff might have avoided the injury by starting his dray diagonally, and not at right angles from the pavement, and that he failed to do so, and thus contributed to produce the injury, he cannot recover.

8. That it being uncontroverted in this case that the plaintiff at the time he started his horse and dray from the pavement, was upon their left side, with his right hand on the left shaft, and his left hand holding the bridle, and his back turned towards the cars, and being so placed, he moved backwards until he came to them, and was injured, these acts in law constitute negligence,

and the court is requested so to charge the jury, and by reason thereof the plaintiff cannot recover.

9. That when an obstruction is placed in a public street, not dangerous *per se* to persons passing along the same, and a person comes against it in the day-time and receives injury, he cannot recover against the wrongdoer, without showing affirmatively that he used that amount of care which was required, in the peculiar circumstances of the case, to pass by it, and that having used the same, he was nevertheless damaged, and such is the law applicable to this case.

The court below (STERRETT, P. J.) declined to charge as requested in the third, eighth, and ninth points of defendant; which was the error assigned here by defendant, after a verdict and judgment for plaintiff.

*John Hampton*, for plaintiff in error.

*Marshall & Brown* (with whom was *J. Charles Dicken*), for defendants.

The opinion of the court was delivered, January 4th 1864, by
THOMPSON, J.—In Beatty v. Gilmore, 4 Harris 463, the plaintiff in error, who had been defendant below, complained of the court for charging that the *onus* of showing the exercise of proper diligence and care was not on the plaintiff, but that the want of it lay upon the party averring it. In regard to that, this court said, "it was perhaps of little consequence whether in this particular the court was right or wrong, since the plaintiff's fall into the area was witnessed by many persons who testified to the incidents attending it, and thus enabled the jury to ascertain whether the accident was fairly ascribable to his inexcusable carelessness." Notwithstanding this, the court however affirmed the ruling of the court below under the circumstances of that case.

What was said there is very applicable to the case before us. The accident occurred in the day-time, and was seen by witnesses who described all the particulars of it. From these facts a jury would be able to say whether or not the plaintiff was guilty of inexcusable negligence. Nor was this all; the defendant gave all the evidence he could of negligence on the part of the plaintiff, and thus the question was fully raised, and put to the jury under instructions by the court, that if there was negligence on part of the plaintiff which contributed to the disaster, he could not recover. We need not trouble ourselves, therefore, with the question upon whom the *onus* rested of disproving or proving negligence. I have no doubt there may be cases in which the plaintiff's case would be incomplete without proof of care : such,

for instance, as where a prescribed mode of doing an act was required out of which the injury sprung; or where a party should leap from a train of cars to avoid a collision, on well-grounded apprehension of it; in such, and in many other cases which might be imagined, it would doubtless be necessary to cover the. whole ground in chief, necessary to entitle the plaintiff, *primâ facie*, to recover. But if a party omit this, where it is not necessary to aver it in the *narr.*, and the other side do not choose to demur, or go to the jury on the want of such an element, but assume the burthen of proof, he could not nonsuit the plaintiff for want of it, or ask a court to do more than to submit the question to the jury whether, from all the evidence, the plaintiff himself had been guilty of negligence or not. All this occurred, and was so dispensed in the court below.

The assignments of error are three in number, and are rather as to what was omitted to be said by the learned judge in answer to certain points, than to what was said in his general charge, and in answer to numerous other points. We will consider the first and third assignments together. In the first, the complaint is, that the court refused to affirm that "it lay upon the plaintiff to show that he used that degree of care and prudence which was necessary to *have prevented a collision with the cars* (of the defendants), and this he must show affirmatively; and that *no* negligence on his part contributed to produce the injury." As to the last clause of the sentence, we refer to what has been already said as to the *onus* of proving care and diligence. It is manifest that there was no error in refusing to affirm this point, because it asserted an unreasonable standard of care, viz., such as was necessary to *escape injury altogether*. If such had been affirmed to be the rule, the very act of collision would have been proof of negligence, a thing which was to be determined from the whole evidence, under proper instructions as to the duty of the plaintiff to be ordinarily careful and prudent, and the question of negligence under the circumstances on part of the defendants. The burthen of complaint contained in the third is much the same as that of the first, viz., that the court refused to charge that the obstruction being "in a public street and not dangerous *per se*, if a person comes against it in day-time, and receives injury, he cannot recover against the wrongdoer without showing affirmatively that he used that amount of care which was required under the peculiar circumstances of the case to pass by it, and having used the same is nevertheless damaged." Ordinary care is all the law requires of any one passing along a street or highway; and that is defined to be "such as a prudent and reasonable man under the circumstances would exercise:" 4 Watts 399. Undoubtedly ordinary care, under one state of circumstances, might not accurately define the ordinary

[Pennsylvania Railroad Co. v. McTighe.]

care necessary in others. It is a relative idea. What is ordinary care in circumstances of difficulty and danger, is a more active and acute attention to the means of safety than where no dangers are reasonably to be apprehended; so that wherever the rule, as in this case, of ordinary care is administered it has reference to the situation of the party, and the object occasioning the injury. This is always so understood by the jury. But it would be going a long way beyond this to require the plaintiff to show that he exercised that degree of care which was necessary to *pass by* the obstruction in this case. When an impediment is open and notorious, every one is bound to exercise just so much care and circumspection as upon a reasonable calculation of the chances will safely carry him by it, and if injured by something unforeseen, and not within such reasonable calculation, he is entitled to be compensated, if his injury results from the negligence of others. The rule asserted would require an infinitely higher degree of vigilance than this, and the court properly refused to assent to it.

It must not be understood that because one party may be negligent others may be negligent also, and throw all the blame and consequences upon him. When a highway is obstructed, the passer along it is bound to the observance of ordinary care, that is, such care as a reasonably prudent man would exercise to preserve himself and property from injury; just the same degree, but heightened in intensity, as would be observed in ordinary circumstances.

The second assignment of error requires but little notice; it assumes facts which were controverted. We have often held that in such circumstances a party, in order to obtain instructions on a given hypothesis, must state the facts hypothetically. That was not done here, and it was not error, therefore, to refuse to charge as requested.

I confess I can hardly see how a jury, carefully considering all the facts, should have come to the conclusion they did in this case: but as the law was properly administered on the trial, we have no power over the finding of the jury, and must

Affirm the judgment.