# Gates, Appellant, v. Pennsylvania R. Co.

*Joint tort-feasors—Right of action against—Highways—Obstruction.*

A party injured by the concurrent tort of two may sue either, and this right is not affected by any consideration of primary or secondary duties of the tort-feasors as between themselves.

Any one negligently leaving an obstruction or creating a defect in the highway, is at once liable to a party injured. The liability of the municipality after the defect has been brought to its notice, does not cancel the liability of the obstructor; and the injured party may, if he so elects, sue at once the wrong-doer who is ultimately liable.

*Highways—Obstructions—Bridges—Liability of railroads and townships.*

Where a railroad appropriates a part of a public road and builds a bridge over its road-bed as a substitute for the part of the road appropriated, the railroad and the township do not stand in any relation to which the rule of *respondeat superior* applies. They are independent parties, each charged with a duty to the public involving liability to an

individual specially injured by a neglect of such duty. Neither can escape liability by alleging the primary liability of the other.

If the railroad is charged with the duty of maintaining the approaches to the bridge in safe condition for public travel, it is the party ultimately liable. Its duty is absolute and may be enforced not only by the township, but also specially for his own relief by any person specially injured by neglect of it.

If the railroad is not charged with the exclusive care and maintenance of such approaches, still, if it undertake the duty, it is liable for negligence in its performance.

Argued April 22, 1892. Appeal, No. 335, Jan. T., 1892, from judgment of C. P. Huntingdon Co., Sept. T., 1891, No. 13, on verdict for defendant, in trespass, for personal injuries, by neglect to maintain guard-rails along embankment at end of bridge on public highway. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The evidence, at the trial before KREBS, P. J., of the 46th judicial district, specially presiding, was, *inter alia,* to the following effect:

Defendant company, in constructing their railroad in 1848, or 1849, crossed a public highway in Mill Creek village, Huntingdon county, originally opened to the width of thirty-three feet. The railroad was laid in a deep cut and a bridge was built by the company to supply that portion of the public road taken in the construction of the railroad. The approaches were filled in by the company and stone wing-walls built. The bridge, which was ten feet wide, was set on the abutments so as to leave a space of about two feet on top of the abutment outside the end of the bridge without any protection. Plaintiff, in attempting to cross, fell off this unguarded part of the abutment and received the injuries for which this action was brought.

Defendants presented, *inter alia,* the following point:

" 2. The evidence showing that the bridge and approaches constitute part of the public road and were used as such by the public for a number of years prior to the accident, the liability, if any in this case, is on the township ; and the verdict should be accordingly for the defendants." [1]

The court, in answer, reserved the question " whether the plaintiff's remedy does not lie against the township within the

territorial limits of which the point where the accident happened lies and not against the railroad company." [2]

The case was submitted to the jury on the question of negligence. Verdict for plaintiff for $3,506.35.

The court afterwards entered judgment for defendant *non obstante veredicto*, on the reserved point, in an opinion, saying, *inter alia :* " The duty of erecting the bridge in question and keeping it in repair does not diminish or lessen in any way the duty of the supervisors of Brady township, or their authority to direct and control the condition of this bridge." [1]

The court in the opinion, cited the railroad Acts of April 13, 1846, § 13, P. L. 312; March 27, 1848, § 5, P. L. 273; Feb. 19, 1849, P. L. 79; March 20, 1849; the general road Acts of April 15, 1834, § 90; and June 13, 1836, § 6.   On duty of railroad to perpetually maintain bridge, Pa. R. R. v. Duquesne Boro., 46 Pa. 223; P., F. W. & C. Ry. v. Dunn, 56 Pa. 280; Pa. R. R. v. Irvin Boro., 85 Pa. 336.   As to right of action, Plymouth Twp. v. Graver, 125 Pa. 32; Dalton v. Upper Tyrone Twp., 137 Pa. 22; Mahanoy Twp. v. Scholly, 84 Pa. 140; 2 Dillon, Mun. Corp., § 1035; Brookville Boro. v. Arthurs, 130 Pa. 515.

*Errors assigned* were (1) affirming point, quoting point and portion of opinion above; and (2) entering judgment, quoting reserved point and order for judgment.

*George B. Orlady*, for appellant.

*J. D. Dorris*, (with him *Wm. Dorris*,) for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The jury found a verdict for the plaintiff under instructions which are not now before us, and the court below entered judgment for the defendant *non obstante veredicto* on a point reserved.   The learned judge held that the railroad company defendant was bound not only to build but to maintain the bridge.   This conclusion is not challenged by the present appeal, and we must accept it as correct.   But the learned judge further held that as the primary duty to the public to keep the highways in safe condition rests upon the township, the plaintiff's action should have been brought against it and not against the railroad.   This is the only question raised by this record.

For the purposes of this case as now presented it might be

sufficient to say that it appears to be conceded all through the evidence that the township never did any repairs on the bridge or its approaches, including the place of the accident, and never in any way showed an acceptance of the work or an assumption of duty in regard to it.    Whether or not the defendant was legally bound to continue the exclusive care and maintenance, it did so in fact, and having undertaken the duty was liable for negligence in its performance.    That the town might have neglected its duty, either in not assuming charge itself, or in not enforcing proper performance by the defendant, was a question that might arise between the party injured and the town when the latter should be sued, but clearly cannot affect the question of the defendant's liability for the negligent performance of a duty it had in fact undertaken.

But it is desirable to consider the case upon a somewhat broader view.    The basis of the opinion of the learned judge below, and the argument of the appellee, is that the township is liable to the plaintiff, and it seems to have been accepted without question that in such case the defendant was not liable.    But this does not appear to us to be a necessary or just conclusion.    It is opposed, in the first place, to the general rule that a party injured by the concurrent tort of two may sue either, and this right is not affected by any considerations of primary or secondary duties of the tort feasors as between themselves.

But, further, if the railroad is charged with the duty of maintaining the approaches of the bridge in a safe condition for travel, then it is the party ultimately liable ; its duty in that regard is a duty absolute, not to the township merely but to the public, to be enforced generally by the supervisors as the representatives of the public, but specially for his own relief by any person specially injured by neglect of it.    As against such person the failure of the township to enforce performance would not excuse the railroad.    If the supervisors accepted the performance as sufficient and thought the bridge safe, that would not be a defence if the jury were of a different opinion.    The township and the railroad are not in the relation of master and servant or principal and agent, nor in any position for the application of the rule *respondeat superior.* They are independent parties, each charged with a duty to the

public involving liability to an individual specially injured by neglect of such duty. It is no defence to either to say you might have sued the other, and certainly none for the railroad to say you can sue the township and then the township can sue me. When it is said in the cases that the town is primarily liable, it is not meant that the town must be sued first, but that it has a duty to the party injured which cannot be escaped by showing that there is another party secondarily liable to it; and it would be contrary to all our legal reasoning to permit the second party thus finally liable to pay, to defend on the ground that it is sued in the first instance. The towns have made a strenuous but vain struggle to establish the converse proposition, that they should not be liable, because there was another party ultimately liable over to them. That effort failed because the parties were charged with independent duties, and each was directly responsible to those injured by its own neglect. After such failure it would seem to be *a fortiori* that the converse proposition is untenable.

Again, it is unquestionable that any one negligently leaving an obstruction in the highway is at once liable to a party injured: R. R. Co. v. McTighe, 46 Pa. 316. The municipality does not become liable until notice express or implied from lapse of time. To hold that the liability of the obstructor ceased when that of the city began, would be to hold that a liability from a wrongful act might be escaped by a continuance of the wrong.

Turning now to the authorities, we have not found any decision upon the precise point, but the general drift of analogous cases seems to support the views already expressed. That the party who places or is responsible for permitting an obstruction in the highway is liable to one injured thereby, is very ancient common law, and has been uniformly held in this state from Beatty v. Gilmore, 16 Pa. 463 to Dickson v. Hollister, 123 Pa. 421; while the unsuccessful effort of municipalities to escape liability where there is another party who may be charged has already been alluded to (see Township of Newlin v. Davis, 77 Pa. 317; Dalton v. Upper Tyrone, 137 Pa. 18). I have not found in either line of decisions a single one which is rested upon grounds that would make the right of action against either party a defence for the other against the party injured. On the contrary, while this point is nowhere specifi-

cally raised or passed upon, with reference to the party ulti-
mately liable, the intimations tend clearly against such a de-
fence.   Thus City of Philadelphia v. Weller, Leg. Gaz. Rep.
400, s. c. 4 Brewst. 24, was an action for injuries resulting
from a hole in the street, which a passenger railway company
was charged with the duty of repairing.   The city defended
on the ground that the action should be against the company.
Hare, J., instructed the jury that the liability of the railway com-
panies was not exclusive and this was affirmed by this court,
Woodward, C. J., saying: "It is not worth debating whether
the primary duty to keep the streets in repair is upon the city
or the railway company, for both are liable in damages to a
citizen injured by neglect to repair, and he may recover against
whichever party he sues."   And in Oakland Railway Co. v.
Fielding, 48 Pa. 320, it was held that a passenger railway com-
pany charged with the duty of keeping a street in repair was
liable for an injury resulting from a defect in the cartway,
though the defect arose from the imperfect replacing of the
pavement which had been removed for the introduction of
water pipes into an abutting property.   The defendant asked
the court to charge that "the city of Pittsburgh or the owners
of the property adjacent are in law liable from any want of ·
care in putting any street in repair which may have been opened
for the purpose of putting in water pipes," but the court, Wil-
liams, J., negatived the point, and charged that defendants
were liable whether the other parties would also be, or not, (see
p. 324,) and the case was affirmed on this charge.   And in
Brookville v. Arthurs, 130 Pa. 501, it was held that permitting
a defect in the sidewalk was negligence in both the property
owner and the borough, and inferentially therefore both or either
would be liable to the party injured, though they were not
such joint wrong-doers as to preclude the borough from recov-
ering over against the owner the damages it had been compelled
to pay if as between themselves the owner was ultimately the
responsible party.

Looking beyond our own state we find the law thus unqual-
ifiedly stated in Dillon on Municipal Corporations (ed. 1890):
"No person . . . . . has the right to do any act which renders
the use of the street hazardous, or less secure than it was left
by the municipal authorities.   Whoever does so . . . . . is lia-

ble to any person who sustains any special injury therefrom."
Sect. 1032. "The ultimate liability in such cases is upon
the author or continuer of the nuisance; but if the party in-
jured *elects to proceed against the municipal corporation for fail-
ing in its duty* . . . . . he must show notice," etc. Id., § 1034.
Where a street is rendered defective by the act of a railroad
company, "the question arises who is responsible, the railroad
company which caused the defect or the town which is charged
with the general duty of keeping in repair the public ways?
The course of decision is to hold the town primarily responsi-
ble to the person sustaining the injury, thus compelling it,
when liable, to seek indemnity from the railroad company:"
Sect. 1037. But it is added in the note to the same section:
"The traveler may of course elect to proceed at once against
the railroad company if he chooses." Among the cases cited
for this is Lowell v. B. & L. R. R. Co., 23 Pick. 24. The
railroad company had made a cut across the highway and its
servants had neglected to replace the barriers. The person
injured sued the town and recovered, and the town then
brought this suit against the company for indemnity. It was
held that the town could recover and, in the opinion, Wilde,
J., says, p. 31: "The defendants were answerable to the par-
ties injured for all damages. But the doubt is whether they
are responsible to the plaintiffs." And again, p. 34: "If the
defendants had been prosecuted instead of the town they must
have been held liable for damages, and from this liability they
have been relieved by the plaintiffs."

In Elliot v. Concord, 27 N. H. 204, where the town was held
liable in the first instance to the party injured it was said for
the plaintiff *arguendo;* "Plaintiff may have a remedy against
the town or the railroad corporation." And this argument
prevailed with the court, though the liability of the railroad
company was not specially noticed in the opinion.

In Willard v. Newbury, 22 Vt. 458, Redfield, J., charged
the jury: "The town were liable to the plaintiff, and he was
not obliged to look to the company, even if they had also been
negligent and might so have become liable to any one suffering
injury on that account." This was affirmed by the court and
it is plainly intimated that there was no doubt of the railroad's
liability. This was followed and affirmed in Batty v. Dux-

bury, 24 Vt. 155, where the gist of the decision is that the party injured is not bound to sue the railroad but it is clearly implied that he may do so. The New England decisions, as noticed by Judge Dillon, are influenced to some extent by the fact that the duty of towns there is entirely statutory, but the principles upon which the foregoing cases are decided, are equally applicable in Pennsylvania where the duty of municipalities, whether at common law or by statute, is essentially the same as by the statutes of the states above cited from.

It is quite clear to us, from our examination of the subject, that the general consensus of judicial opinion, and the basis of the reasoning on which many of the decisions are rested, is that the party injured may, if he so elects, sue at once the active wrong-doer who is ultimately liable, and the absence of any express adjudication of the point is due mainly if not altogether to the absence of any serious doubt on that question and the fact that the real struggle has uniformly been by the towns to escape their primary liability.

Judgment reversed and judgment entered for plaintiff on the verdict.