**LOTTMAN v. CUILLA et al.  (No. 8718.)***

(Court of Civil Appeals of Texas.  Galveston.  Dec. 4, 1925.  Rehearing Denied Jan. 21, 1926.)

**I. Parties ⊜51(4)—Defendant abutting owner cannot implead city joint tort-feasor, as cross-defendant.**

In action for injuries caused by negligent construction of sidewalk in front of defendant's property, court did not err in sustaining a general demurrer by city to defendant's answer and cross-complaint impleading it as cross-defendant liable as joint tort-feasor.

**2. Contribution ⊜5—One joint tort-feasor cannot compel others to contribute to satisfaction of judgment against him.**

A tort-feasor, against whom recovery has been had, cannot compel other joint tort-feasors to contribute to satisfaction of judgment. ●

**3. Municipal corporations ⊜814—Plea that defective sidewalk was laid under supervision of city held not to show its participation in tort.**

In action for injuries caused by negligent construction of sidewalk in front of defendant's property, plea that sidewalk was laid and repaired under supervision of the city does not show that city either separately or jointly committed or participated in tort.

**4. Municipal corporations ⊜819(1)—Evidence held to show defendant owned adjoining property and negligently left sidewalk in dangerous condition.**

In action for injuries caused by fall on sidewalk, evidence held to justify findings that property adjoining sidewalk at place of accident was owned and controlled by defendant, and that he negligently caused removal of part of original sidewalk and building of new one in such manner as to leave dangerous step-off, which caused fall.

**5. Evidence ⊜75—Effect of failure to produce evidence negativing allegation and proof of ownership of property stated.**

In action for injuries caused by negligent construction of sidewalk, where defendant knew of allegation and evidence that he was owner of adjoining property, his failure to deny it or produce evidence to contrary gave rise to fair and legitimate inference that evidence in his possession would confirm inference arising from plaintiff's evidence.

**6. Municipal corporations ⊜808(1)—Property owner held liable for negligent construction of sidewalk, though city established grade.**

That city had established a grade upon which sidewalk should be constructed did not relieve adjoining property owner from liability for injuries caused by his negligent construction thereof, in absence of evidence that city had ordered the construction or authorized him to leave walk in dangerous condition.

**7. Municipal corporations ⊜808(1)—Party liable for rendering sidewalk unsafe with or without consent of municipality.**

No person, with or without consent of a municipality, can actively render a highway or sidewalk unsafe for public use, without as a rule being liable to a traveler injured thereby.

**8. Municipal corporations ⊜821(17)—Refusal to submit issue as to whether defective sidewalk was constructed by independent contractor held not error.**

In action for injuries caused by negligent construction of sidewalk, refusal to submit issue as to whether sidewalk was constructed by an independent contractor *held* not error, in view of defendant's testimony and undisputed evidence that he permitted it to remain in dangerous condition for months before accident.

**9. Damages ⊜149, 192—Pleading and proof held to justify recovery for mental anguish and pain.**

In action for injuries caused by negligent construction of sidewalk, pleading and proof *held* to justify recovery for mental anguish and pain.

**10. Appeal and error ⊜1060(1)—Argument that defendant could have proved that place of injury was not in front of his property by certain witness held not prejudicial error, in view of other testimony.**

In action for injuries caused by negligent construction of sidewalk, argument of plaintiff's counsel that, if defendant had any doubt as to place of injury, he would have proved by certain witness that it was not in front of defendant's property, *held* not prejudicial error, in view of uncontradicted evidence that property adjoining sidewalk at place of injury was owned by defendant.

**II. Damages ⊜132(6)—$5,500 held not excessive for broken bone in foot, and injury to ligaments causing permanent injury.**

$5,500 for broken bone in foot and injury to supporting ligaments above ankle joint, leaving ankle stiff and, resulting in much pain and permanent injury, *held* not excessive.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Nellie May Cuilla against E. J. Lottman, in which defendant impleaded the City of Houston as cross-defendant.  From a judgment for plaintiff against defendant and a judgment sustaining cross-defendant's general demurrer, defendant appeals.  Affirmed.

Stewart, De Lange & Milheiser, of Houston, for appellant.

H. H. Cooper and Frank Williford, Jr., both of Houston, for appellees.

LANE, J.  This suit was brought by Nellie May Cuilla against E. J. Lottman, to recover the sum of $14,500 as damages, alleged to have been suffered by her by reason of the negligent construction and maintenance of

a sidewalk by Lottman, in front of certain property owned by him in the city of Houston, Tex.

For cause of action, plaintiff alleged substantially that, prior to and on the 6th day of January, 1923, defendant was the owner of certain property situated at the southeast corner of Lamar and Caroline streets in the city of Houston; that before the date, above mentioned, there was constructed and maintained along and in front of the properties fronting on Lamar street, between Austin street and Caroline street, a level cement sidewalk about 3 feet wide, which was on an even grade, but that defendant, desiring to construct an automobile garage and to utilize the space between the curb and his property line, removed that part of the above-mentioned sidewalk in front of his property, and constructed the same so as to use the space lying between the curb and his property for his own use and benefit, and so as to provide an entrance from Lamar street into his garage; that, in pursuance of such desire, he removed the former level sidewalk in front of his property, and, in doing so, he broke off the original sidewalk on the line between his property and the property lying just east of his property in such a careless and negligent manner as to leave a rough jagged edge on the broken sidewalk where the same joined his property line, on the east; that, having so broken said sidewalk, and having removed the same from in front of his property, he constructed the sidewalk and pavement in front thereof, about 10 or 11 inches below the original sidewalk, and thereby left or caused to be left an abrupt step-off from the same to his newly constructed sidewalk of about 10 or 11 inches; that the broken sidewalk was carelessly and negligently left, by defendant, jutting out, without a support in the nature of a shelf; that defendant knew that the sidewalk as he had broken and left it constituted a dangerous pitfall to pedestrians using the same; that the leaving of the sidewalk in such dangerous condition was wantonly done in absolute disregard of the safety of such persons as might use the same; that defendant failed to maintain a light or any signal or device to warn persons who might use the sidewalk of its dangerous condition in which he had left it.

Plaintiff further alleged that, by reason of the careless and negligent acts of defendant, above stated, she was caused to fall and suffered mental pain and anguish and physical pain and permanent injury, to her damage in the sum of $14,500. She alleged that the careless and negligent acts of defendant, stated above, were the direct and proximate cause of her injuries.

"The defendant answered by pleas in abatement, to the effect that the sidewalk was laid and repaired under the supervision of the city of Houston, and, subject to such plea filed a general demurrer and special exceptions, and, subject to such pleas, he filed a general denial, and specially denied that any act or omission of his caused any damage or injury to plaintiff, or that the sidewalk was constructed or maintained by the defendant in an unworkmanlike manner, and alleged that same was placed and constructed in a good and workmanlike manner under the supervision of the city of Houston and its engineering department. Defendant further alleged that the injury, if any, of plaintiff, was caused by her own negligence, in carelessly and negligently walking upon the sidewalk and adjacent the sidewalk without watching where she was going, and other acts of contributory negligence, and, in the alternative, that it was caused by inevitable accident, and not by any act or omission of the defendant Lottman, and impleaded the city of Houston as cross-defendant. The city of Houston answered by general demurrer and general denial. Defendant, Lottman, filed a trial amendment, more particularly alleging negligence on the part of the city of Houston and notice of claim of injury to said city. The general demurrer of the city of Houston to the defendant's (Lottman's) answer and cross-action and trial amendment was sustained, and said cross-action dismissed."

The above is quoted from brief of appellant.

The cause was tried before a jury, which, in answer to special issues submitted, found: First, that plaintiff was injured on or about the 6th day of January, 1923, on Lamar avenue, near Caroline street, in the city of Houston, by a fall on the sidewalk; second, that defendant, Lottman, did cause a sidewalk to be built in front of his property; third, that defendant did construct or cause to be constructed a sidewalk in front of his property on Lamar street in such manner as to leave a rough and jagged step-off from the adjoining sidewalk, that such construction was negligence, and was a proximate cause of plaintiff's injury; fourth, that defendant was guilty of negligence in allowing the sidewalk to remain in such manner, as to leave a rough and jagged step-off, and that such negligence was a proximate cause of plaintiff's injury; fifth, that plaintiff did not walk upon the sidewalk adjacent to the sidewalk in front of the property at the corner of Lamar and Caroline streets without watching where she was going.

Following the questions indicated by the foregoing answers of the jury, the court submitted the following question and instruction:

"What amount of money, if paid at this time, would justly and fairly compensate plaintiff for such injuries, if any, that she may have sustained as a proximate cause of her injuries, if any?

"In estimating such damages, you will take into consideration only the following elements: (a) Physical pain and mental anguish; (b) any sum or sums of money, if any, that she has lost in the past on account of such injuries, if any; (c) such sum or sums as she may lose in the

future on account of her diminished earning capacity as a result of said injuries, if any.

"The amount of your verdict will be the aggregate of the above elements, if you find that there is any damage, and you will answer same by stating the amount in dollars and cents. * * *

"You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony; the law you are bound by your oaths to take from the charge of the court as herein given you and be guided thereby.

"Let your verdict be signed by your foreman."

To the question last mentioned, the jury answered: "$5,500." Upon the answers of the jury, the court rendered judgment in favor of the plaintiff against defendant for the sum of $5,500. From the judgment so rendered, and from the judgment sustaining the general demurrer of the city of Houston, defendant, Lottman, has appealed.

[1] We shall first dispose of appellant's contention that the court erred in sustaining the general demurrer of the city of Houston and dismissing it from the suit. This contention cannot be sustained. In 20 R. C. L. § 17, p. 678, the following rule is announced:

"Joint tort-feasors may be sued jointly or severally at the election of the party injured. * * * This is on the principle that every person who joins in committing a tort is severally liable for it, and cannot escape liability by showing that another person is liable also; nor can one of a number of tort-feasors compel the plaintiff to sue him jointly with other persons with whom he has joined in committing the tort. There is an exception to this rule where the liability for the tort complained of grows out of ownership of real estate held jointly or in common. In such a case, where the proprietors of the land have neglected a duty incident to their title, all should be joined as defendants."

[2] One tort-feasor, against whom a recovery has been had by the injured party, cannot compel others who joined with him in the commission of the tort for which he was held liable to contribute to the satisfaction of the judgment rendered against him. In other words, one tort-feasor cannot be made to respond in damages to another tort-feasor, who joined him in the commission of the tort for which he has been made to respond in damages. So, since the plaintiff in the present suit has not chosen to sue the city of Houston as a joint tort-feasor with appellant, if such it is, appellant has no right to have said city made a party defendant over its objection.

[3] We are therefore of opinion that the court did not err in sustaining the general demurrer of the city. We are also of opinion that there is no pleading on the part of the appellant showing that the city had in any manner, either separately or jointly, committed or participated in the tort complained of by the plaintiff.

[4] Appellant's next contention for reversal is that the court erred in not instructing a verdict in his favor upon his request for such instruction, in that there was no evidence that he owned or controlled any property, or any sidewalk, at the place where the plaintiff alleged she received her injury, or that such injury occurred on, or in front of any premises owned by him, or that he was negligent in any respect in repairing or maintaining of any sidewalk, or that he changed or caused to be changed, in any manner any sidewalk, or that he controlled any sidewalk or approaches thereto, at or near the place of the alleged accident.

We are not prepared to hold that there was no evidence to sustain findings that the property on the southeast corner of Lamar and Caroline streets, where the plaintiff alleged and testified she received her injury, was owned and controlled by appellant and that he caused the original sidewalk in front of his property to be removed and a new sidewalk, as alleged by plaintiff, to be built, 8 to 11 inches below the level of that portion of the original sidewalk which remained unbroken, and that the act of removing said portion of the sidewalk and replacing it 8 to 11 inches below a remaining portion thereof, so as to leave a dangerous step-off was a negligent act, for which appellant may be held liable to appellee, who, by reason of such negligent act, suffered an injury. To the contrary, we think there was ample evidence to support such findings.

Mrs. Cuilla testified that she fell and was injured at a point on the sidewalk where it was shown that appellant caused his sidewalk to be constructed below the level of that portion of the original sidewalk remaining unmoved. She testified that this point was between Austin and Caroline streets, near the southeast corner of said streets. She also testified that the condition of the sidewalk at such points was in the dangerous condition alleged by her in her petition. She introduced in evidence photographs which she or her counsel had Photographer Codell take of the place where she fell. Codell testified that the photographs taken by him correctly reflect the true condition of the sidewalk near the corner of Lamar and Caroline streets.

Defendant, Lottman, testified that he had control of some property situated on Lamar street; that he bought it in the summer of 1922; that, when he bought it, he improved it. In testifying as to the repairs or construction of the sidewalk, in front of his property, he said:

"You see I couldn't put a sidewalk down; I had no right. A fellow by the name of Bellnek did the work. I had a contract with him to do the work; it was verbal."

Again he said:

"I paid for the sidewalk. I couldn't change the sidewalk. My sidewalk is perfect. * * *

No; I couldn't and wouldn't and haven't changed the condition of the adjoining sidewalk."

He further testified that he had to construct his sidewalk as he did as the city of Houston set the grade. When shown the photographs taken of the place where the accident occurred, and when asked as to whether they showed the true condition of the sidewalk immediately adjoining the sidewalk on his property he said:

"As to whether that photograph shows the true condition of my property, I think the photograph is exaggerated, because the view at which it was taken was too close. There are a great many places like that in Houston."

[5] Two of the photographs mentioned show a one-story garage building, with the sign "Townsend Nash Company" on it, and they also show a broad sidewalk in front of the building and a broken sidewalk, such as testified by appellee. It can hardly be thought that there was in the city another place like the one shown by the photographs, introduced in the evidence. We think, when the evidence, tending to show that appellant owned the property at the southeast corner of Lamar and Caroline streets where appellee received her injury, is considered as a whole, it is sufficient to support a finding that he did own such property, especially so when it is shown that appellant, the alleged owner of the property, was a witness, and before he gave his testimony knew that appellee had alleged that such property was owned by him, and had produced photographs and other evidence tending to prove such allegation, and yet he did not deny that he was such owner. In Texas Co. v. Clarke & Co. (Tex. Civ. App.) 182 S. W. 353, it is said:

"When a plaintiff has produced evidence sufficient to raise an issue as to the truth of his claim, and it appears from the nature of the case and the circumstances disclosed by the evidence that defendant is in possession of evidence which will show whether or not the inferences which can legitimately be drawn from plaintiff's evidence are true, and does not offer it, it is a fair and legitimate inference that the evidence so withheld by the defendant would, if produced, confirm the inferences arising from plaintiff's evidence. In such a case, the failure of defendant to produce the evidence can properly be considered in determining the issue raised by plaintiff's evidence, and for this purpose it may be said to have affirmative probative force."

In the present case, appellant knew whether or not the property at the southeast corner of Lamar and Caroline streets, where the accident occurred, was owned by him, and he could have produced evidence almost, if not, conclusive of that issue, and yet he failed to produce the same. We also think the evidence and circumstances proven clearly shows that appellant caused the sidewalk to be reconstructed and left in a dangerous con-

dition, and without any signal or warning of such dangerous condition. It was the province of the trial judge and the jury to pass upon the weight of the evidence, and we are of opinion that, when they were confronted by the facts and circumstances shown in this case, as a whole, they would be justified in concluding that the main facts alleged by the plaintiff had been proven.

[6, 7] We cannot sustain appellant's contention that he was not liable to appellee for the damage suffered by her by reason of the negligent act complained of, because the city had established the grade upon which the sidewalk should be constructed. There is no evidence that the city had ordered the construction of the sidewalk constructed by appellant, and certainly it had not authorized appellant to construct and leave the same in the dangerous condition in which it was left. However, it is well settled that no person, with or without the consent of a municipality, can actively render a highway or sidewalk of such municipality unsafe for public use without, as a rule, being liable to a traveler who suffers injury thereby. Houston Belt & Terminal Ry. Co. v. Scheppelman (Tex. Com. App.) 235 S. W. 206; Gates v. Pen. Ry. Co., 150 Pa. 50, 24 A. 638, 16 A. L. R. 555; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518.

In H. B. & T. Ry. Co. v. Scheppelman, above cited, it is said:

"The breach of its duty by the municipality to restore the highway or sidewalk to a reasonably safe condition and maintain it in that condition—in other words, its passive neglect—furnishes no defense to an action for damages against the party whose active negligence rendered the highway or sidewalk dangerous."

[8] We are not prepared to hold, as contended by appellant, that the court erred in refusing to submit to the jury, upon the request of appellant, the inquiry as to whether or not the sidewalk was constructed by an independent contractor, free from the control of appellant. The only testimony offered, relative to this matter, was that of appellant himself. He testified, as has already been shown, that he bought the property in the summer of 1922; that after he bought it he had the sidewalk in front of it reconstructed; that in doing so he did not reduce the grade thereof lower than the sidewalk east of it; he could not put a sidewalk down himself; that he had a contract with one Bellnek to do the work.

The writer is of opinion that the only reasonable inference to be drawn from this testimony is that appellant employed Bellnek to construct the sidewalk as he wanted it; that is, just as he directed it should be constructed. If, however, no such inference as suggested can be reasonably drawn from the testimony of appellant, we are nevertheless of the opinion that the contention of appellant cannot be sustained, in that the undis-

puted evidence shows that, after the construction of the sidewalk in front of his property, appellant permitted it to remain in its dangerous condition for months before the accident occurred, which resulted in plaintiff's injury.

Appellant complains of the submission of the issues submitted by the court, and has offered many special charges, all of which were refused by the court. He insists that the court erred in submitting the issues as submitted, and in refusing his requested charges. We have examined both the charge of the court and the special requested charge, and have reached the conclusion that the charge of the court properly submitted all the ultimate and controlling issues raised by the evidence, and that it was not error to refuse to submit any of the special charges or issues requested by appellant.

[9] We overrule appellant's contention that there was no pleading or evidence justifying a recovery for mental anguish or pain suffered by appellee. Appellee alleged that she suffered a fracture of the bone of one of her feet; that the injury suffered by her was very painful due to the injury to the supporting ligaments above her ankle joint, which left her ankle stiff and the injury permanent. She testified that by reason of such injury she suffered agony and much pain, and that she has at all times, since the day of the accident to the date of giving her testimony, suffered from the effects of such injury.

As we have already shown, Mrs. Cuilla had, by means of a photograph, which she had Photographer Codell make of the place where the accident occurred, identified such place as being the property of appellant. She testified that after the accident occurred she had returned to the place where it occurred and identified it as the same shown in the photograph. She also testified that the only persons who saw her at the place of the accident, at the time the same occurred, or immediately thereafter, were a Mr. Walker and wife; that she screamed and Mr. Walker came to her, and took her to her home.

[10] In his argument to the jury, Mr. De Lange, counsel for appellant, stated that the plaintiff, Mrs. Cuilla, was unfamiliar with the locality where she was injured, and could have been mistaken as to the place where she was injured, and that no witness had testified it was at this place but her. Following such argument, Mr. Cooper, counsel for appellee, in his argument to the jury, said:

"You have the uncontradicted testimony of Mrs. Cuilla that she fell off of this rough, jagged step, made in the sidewalk by Lottman, as she was walking along in the dark, which injury has resulted in crippling her for life. You have heard nobody deny this occurred. She says it was dark at the place where she was injured, and that it was immediately in front of this property belonging to the defendant, Lottman. She says that a Mr. Walker came along and picked her up after she had tried to walk and failed and had fallen on the sidewalk, and that he took her home. Counsel for the defendant says that nobody knows that this injury occurred in front of his client's property. Mrs. Cuilla says it occurred there, and she also says that Walker picked her up there. Mr. Walker was summoned as a witness here in this court, and would have been here yesterday afternoon, shortly after all evidence was closed. If the defendant had any doubt about the place, knowing that Walker was a witness, they would have ascertained whether he fixed the place at the same place Mrs. Cuilla did or not, and, if it was not at this place, Mr. Walker would have been here, testifying for them that it was at another and different place."

To which argument and statements of said attorney, the defendant, through his attorney, then and there in open court objected and excepted, that said statements and argument of the plaintiff's attorney were not supported by any evidence in the case and there was no evidence to show what Walker's testimony would be, and that such argument and statements were improper, inflammatory, and prejudicial to defendant; and defendant's said attorney then and there in open court requested the court to instruct the jury not to consider same, and said objections and request were by the court then and there severally overruled, and the court said to said attorney for defendant, "Mr. De Lange, you may have your bill." Thereupon, the said H. H. Cooper, attorney for said plaintiff, continuing his argument to the jury, continued with substantially the following remark:

"Yes; Mr. De Lange, you may have your bill, but you cannot mislead this jury, and undertake to make them decide that this injury did not occur in front of your client's property by attempting to have them guess at it, when you knew Walker has been summoned as a witness in this case, and that he was familiar with the place, and that, if it was not in front of that property, you could prove by him it was not, and you would have done it. Why didn't you place him on the stand and have him give the jury his version, and not ask the jury to guess at it?"

The court, before approving appellant's bill of exception, reserved to the argument of appellee's counsel, made as a part thereof the following statement:

"Upon the plaintiff having introduced the testimony in this case and closing it at about 3:30 in the afternoon, plaintiff, by her counsel, in the presence of the jury, stated to the court that they had one other witness, a Mr. Walker, who was in charge of a still at the Sinclair Refining Company's plant somewhere below Harrisburg, about 8 or 10 miles from the city, and that he could not get off from work until 4 o'clock, and that immediately upon his getting off from work he would come directly to the courthouse to testify in said case, and stated to the court that, if the defendant had any testimony they could offer, plaintiff's counsel would

be glad if they would do that and permit him to introduce Mr. Walker as soon as he arrived. Counsel for the defendant stated to the court, in the presence of the jury, that they had no testimony to offer until the plaintiff had closed their case; and thereupon the plaintiff stated to the court that, if that was the attitude of counsel for the defendant, they would rest and close at his period without using Mr. Walker. The defendant in a few minutes after this, after conferring with their client, stated that they did not care to offer any testimony, and that the evidence was closed; and plaintiff's counsel, in answering the argument of defendant's counsel with reference to the knowledge of plaintiff as to the place where the injury occurred, discussed the facts stated in the bill of exceptions. Walker was not summoned by defendant, Lottman, and there is no knowledge or evidence as to what Walker's testimony would be or as to defendant's (Lottman's) knowledge thereof."

Appellant now insists that, because of the argument objected to, the judgment should be reversed. We are inclined to the opinion that the argument was improperly made, but whether it was in any manner calculated to influence, the jury in finding that the property, in front of which the sidewalk, of which appellee complains, was the property of the appellant, is a question for the determination of this court. If we are justified in holding that it could not reasonably have so influenced the jury, it should not be held cause for reversal of the judgment. We think the facts and circumstances, hereinbefore stated, show conclusively, in the absence of testimony to the contrary, that the property was owned by appellant, and we therefore hold that the objectionable argument could not reasonably have had any influence, prejudicial to appellant, causing a finding by the jury that appellant was the owner of the property in question, and therefore we decline to reverse the judgment because of the argument.

[11] We are now brought to the contention of appellant that the judgment is excessive. We overrule the contention. There was ample evidence, we think, to support the rendition of the judgment for the sum awarded. In volume 8, R. C. L. § 215, p. 673, it is said:

"In actions sounding in damages merely, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and, unless so large as to indicate that it was the result of passion, prejudice, or corruption, or that the evidence has been disregarded, their verdict is conclusive, and will not be set aside as excessive, either by the trial court or on appeal. Full compensation is impossible in the abstract, and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation, and so all that the court can do is to see that the jury approximates a sane estimate, or, as it is sometimes said, that the results attained do not shock the judicial conscience. The courts will of course interfere with the verdicts of juries when it is manifest that they are the result of corruption, prejudice, or passion; and so it is the province of the court to set a verdict aside where it clearly appears to be excessive, or where the jury in rendering it appear to have disregarded the testimony. The amount awarded must bear some reasonable proportion to the injury sustained. However, since it is for the jury and not for the court to fix the amount, a verdict will not be set aside merely because it is large, or because the reviewing court would have awarded less."

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.